**NEAL v SCHMIDT et**

Ohio Appeals, 1st Dist, Butler Co

No 807.  Decided May 1, 1941

Walter S. Harlan, Hamilton, and Williams, Fitton & Pierce, Hamilton, for appellee.

Wonnell & Brown, Hamilton, for appellants.

## OPINION

By MATTHEWS, PJ.

The appellee recovered a judgment against the appellants for damages on account of personal injuries received by her through their alleged joint or concurrent negligence.  This is their appeal from that judgment.

The plaintiff was riding in an automobile approaching Augsburger Avenue from the north on U. S. Highway 127 in the Village of New Miami, Butler County, Ohio; the defendant, Hampton's decedent was approaching that intersection from the south, and the bus of the defendants Schmidt was approaching U. S. Highway 127 on Augsburger Avenue from the west.

There is evidence that all three vehicles were in the intersection at the same time.  There is also evidence that the defendant Hampton's decedent was on the left hand side of the highway at the time of the collision between his automobile and the automobile in which the plaintiff was riding.

There is also evidence that the operator of the defendants Schmidt failed to stop the bus before entering U. S. Highway 127, as required by the ordinance, but continued into the highway without stopping and made a left hand turn toward the north on U. S. Highway 127, thereby creating an emergency in the presence of which the other two automobiles were operated so as to avoid colliding with the bus, but collided with one another.

We find sufficient evidence to support the verdict and judgment and therefore proceed immediately to the specific errors alleged.

The appellant Hampton claims that the court should have charged on the subject of contributory negligence. It is claimed that it was at least a question of fact whether the operator of the automobile in which plaintiff was riding was her agent, whose negligence, if any, would be imputed to her. However, we find no evidence in the record to support that claim. The plaintiff was a passenger in the automobile and, therefore, not chargeable with any negligence of the operator. And there is no evidence that she was personally negligent.

It is urged by the Schmidts that the court erred in admitting evidence of a statement made by the operator of the Hampton automobile, while he was being taken to the hospital, where he died shortly thereafter. This statement was made an appreciable time after the collision and about three city blocks from the scene. This is the evidence objected to:

"Q. What did Leander Hampton say to you at that time?

A. I asked him a question—I said, what caused the accident. He said 'Smitty pulled out too far in the intersection'."

This evidence was given on direct examination by a witness called by Hampton, Administratrix, and was ob-jected to by both the plaintiff and the other defendants, and the other defendants moved that the jury be instructed to disregard it.

We are of the opinion that this testimony was a self-serving declaration of opinion, not coming within any exception to the rule excluding hearsay. And the issue did not justify the admission of expert or opinion evidence. The objection to its admission and the motion that the jury be instructed to disregard it should have been sustained. There was error in failing to do so. **Bake v Industrial Commission, 135 Oh St 627; Dugan v Industrial Commission, 135 Oh St 652.**

The real question is whether this error was so prejudicial as to require a reversal of this judgment against the owners of the bus, which we find is amply sustained by competent evidence and reasonable inferences drawn from such evidence. Of course, the appellant who offered the testimony cannot complain of its admission.

It will be observed that all that was said is that "Smitty pulled out too far in the intersection." Smitty was the operator of the bus. Now the uncontradicted evidence is that the bus was operated into the intersection from the west and made a left hand turn to the north in the intersection. The question submitted to the jury was not whether the bus had been operated **too far into** the intersection, but whether the driver had negligently operated it into and through the intersection at such a time and under such circumstances as to create an emergency and thereby caused the other two automobiles to collide.

This evidence of what Leander Hampton said was no more than his conclusion that the bus operator caused the collision, that was his claim and even in the absence of such testimony the trial judge would have charged just as he did charge that that was the claim of the estate of Leander Hampton, alleged in its answer, and thereby the jury would have known—and properly so—that that was the claim. Manifestly, the jury did not give any weight

to the testimony as proof, for if it had, no verdict would have been returned against the administratrix of Leander Hampton, deceased.

We are of the opinion, therefore, that the error was not prejudicial.

Finding no prejudicial error, the judgment of the Court of Common Pleas is affirmed.

ROSS & HAMILTON, JJ., concur.